UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
RICHARD HARBUS,

               Plaintiff,             **MEMORANDUM & ORDER**
                                        20-cv-1915

   -against-


LEAD CLEARANCE INC.,

               Defendant.
---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

      Plaintiff Richard Harbus, a professional photographer, brings this action against Defendant Lead Clearance Inc. for copyright infringement under Section 501 of the Copyright Act (the "Act"), 17 U.S.C. § 501, and for removal and/or alteration of copyright management information ("CMI") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. The complaint alleges that Defendant reproduced and published Plaintiff's copyrighted image of lead paint chips without authorization. (ECF No. 1 ("Compl.") ¶ 1.)

      Since the complaint was filed on April 27, 2020, Defendant has failed to appear, answer, or otherwise defend in this action, despite being properly served with the summons and complaint, as detailed below. On August 28, 2020, the Clerk of Court entered a certificate of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 11.) Plaintiff

now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), seeking actual damages for copyright infringement, statutory damages for removal and/or alteration of CMI, and costs. (ECF No. 18.) For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part, and Plaintiff is awarded a default judgment against Defendant in the amount of $5,741.00.

## BACKGROUND

### I.   Facts

When a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015). The court consequently accepts Plaintiff's well-pleaded factual allegations as true for the purpose of reviewing the motion for default judgment.

Plaintiff Richard Harbus is a New York-based professional photographer who is "in the business of licensing his photographs to online and print media for a fee." (Compl. ¶ 5.) As relevant here, Plaintiff took a photograph of an individual holding lead paint chips in his hands. (*Id.* ¶ 7; *see* ECF No. 1-1 (the "Photograph").) Pursuant to a license from Plaintiff, the *New York Daily News* featured the Photograph in a March 15, 2012

2

article entitled "Lead paint still a hazard as screenings turn up lead poisoning in young children in Bronx slum buildings." (Compl. ¶ 8; *see* ECF No. 1-2.)  The *New York Daily News* article included a "gutter credit," *i.e.*, text immediately beneath the Photograph that identified Plaintiff as its author. (*Id.*)  On February 13, 2018, Plaintiff registered the Photograph with the U.S. Copyright Office. (Compl. ¶ 10; *see* ECF No. 19-4.)

Defendant is a New York corporation with a place of business located at 1835 West 9th Street, Suite #1, Brooklyn, New York 11223. (Compl. ¶ 6.)  Defendant owns and operates a website, www.LeadClearanceInc.com. (*Id.*)  Plaintiff alleges that Defendant featured the Photograph on its website without his consent. (*Id.* ¶¶ 11-12.)  The complaint includes a screenshot that appears to show the Photograph on Defendant's website in connection with the advertising of lead testing and abatement services. (ECF No. 1-3 ("Screenshot").)

## II. Procedural History

Plaintiff filed the instant action on April 27, 2020. (*See* Compl.)  On April 29, 2020, Plaintiff properly served the summons and complaint on Defendant. (ECF No. 7.)  In particular, Plaintiff served copies of the summons and complaint on the New York Secretary of State, as Defendant's registered agent, pursuant to Section 306 of New York's Business Corporation Law. *See* N.Y. C.P.L.R. § 311(a)(1).  On August 24, 2020, Plaintiff requested a

certificate of default.  (ECF No. 10.)  The Clerk of Court entered a certificate of default on August 28, 2020.  (ECF No. 11.)

On November 10, 2020, Plaintiff filed a motion for default judgment.  (ECF No. 12.)  On April 16, 2021, the court denied Plaintiff's motion without prejudice for failure to serve the Defendant with notice of the motion and the supporting submissions pursuant to Local Civil Rule 55.2(c).  (4/16/2021 Minute Order.)  On April 30, 2021, Plaintiff refiled his motion for default judgment and served Defendant with the motion and supporting materials pursuant to Local Civil Rule 55.2(c).  (ECF Nos. 18, 23.)  To date, Defendant has not appeared, answered, or otherwise responded to the complaint or the motion for default judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, upon the Clerk's entry of default, the movant

"may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 784 F. Supp. 2d at 123. "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate." *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-CV-322 (SJ) (ALC), 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.*, No. 03-CV-2424 (DC), 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011).

Here, the Clerk of the Court entered a default against Defendant on August 28, 2020, and Plaintiff thereafter filed the unopposed motion for default judgment presently before the court. As previously mentioned, Defendant has been properly served with the summons and complaint (ECF No. 7) and with the motion for default judgment. (ECF No. 23.) Despite being provided with notice of the motion, Defendant has not appeared, moved to vacate the Clerk's entry of default, or otherwise opposed the motion for default judgment. Consequently, Plaintiff has completed the necessary steps to obtain a default judgment. *See Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, No. 05-CV-4778 (SJ) (VVP), 2007 WL 3046359, at *2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when a party fails to appear after [being] given notice, the court normally has justification for entering

default." (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984))).

## DISCUSSION

### I.  Liability

Defendant's default in this case, however, "does not necessarily conclusively establish . . . defendant's liability." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.,* No. 05-CV-1665 (NG) (RLM), 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007).  Instead, the court "must still determine whether the plaintiff has stated a cause of action." *Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.,* No. 08-CV-2325 (ARR) (JO), 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)); *see also, e.g., Philip Gen. Constr.,* 2007 WL 3124612, at *3 ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (quoting *In re Wildlife Ctr., Inc.,* 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989))).

#### A. Copyright Infringement

Plaintiff alleges that Lead Clearance infringed his copyright under Section 501 of the Act.  (Compl. ¶ 15.)  Among other things, the Act vests the owner of a copyright with:

> the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. § 106(1)-(3).

"Copyright infringement is a strict liability offense in the sense that a plaintiff is not required to prove unlawful intent or culpability." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016); *see also Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d Cir. 2008); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 308 (2d Cir. 1963). In order to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Ownership of a valid copyright "can be established by the introduction into evidence of a Copyright Office certificate of registration," which is sufficient to establish validity for the purpose of default judgment. *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (PKC) (VMS), 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (quoting *Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept.

19, 2016)).   Here, Plaintiff submitted a Certificate of Registration for the Photograph with an effective date of February 13, 2018.  (ECF No. 19-4.)  The Certificate lists the author of the Photograph as Plaintiff, Richard Harbus.  (*Id.* at 8.)  Based on the Certificate of Registration, the Court finds that Plaintiff has established ownership of a valid copyright for the Photograph. *See, e.g.*, *Pasatieri*, 2020 WL 207352, at *2.

In order to establish the second element of originality, the "burden is . . . minimal." *Sheldon*, 2016 WL 5107072, at *11. "Originality does not mean that the work for which copyright protection is sought must be either novel or unique . . . . [I]t simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind, in other words, 'the fruits of [the author's] intellectual labor.'" *Boisson v. Banian. Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001) (third alteration in original) (quoting *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879)).   "The necessary originality for a photograph may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000); *see also*

8

*Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721
(MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019)
("Photographs are often found to be original works."), *report and
recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

The well-pleaded allegations of the complaint establish
the originality of Plaintiff's Photograph.  Plaintiff alleges that
he "is the author of the Photograph" (Compl. ¶ 9), and that he
"photographed lead paint chips."  (*Id.* ¶ 7.)  Plaintiff also
alleges that "Lead Clearance did not license the Photograph from
Plaintiff for its Website, nor did Lead Clearance have Plaintiff's
permission or consent to publish the Photograph on its Website."
(*Id.* ¶ 12.)  Lastly, Plaintiff contends that he "exercised a
personal choice in the selection of the subjects; choice of his
own professional camera equipment; and determination of the
precise time when the photograph was taken."  (ECF No. 21 ("Pl.'s
Mem.") at 4.)  Accordingly, the Court finds that Lead Clearance is
liable for copyright infringement under Section 501 of the Act.
*See, e.g.*, *Haker v. Tentree Int'l Inc.*, No. 20-CV-1499 (KAM) (RML),
2021 WL 3884195, at *4 (E.D.N.Y. Aug. 31, 2021) (finding similar
allegations sufficient to establish liability); *see also, e.g.*,
*Vidyashev v. Visual ID Source, Inc.*, No. 18-CV-3117 (JS) (SIL),
2021 WL 4925733, at *3 (E.D.N.Y. Sept. 28, 2021) ("[A] plaintiff's
allegations that 'defendant reproduced and published a protected
photograph, without proper authorization, are adequate to

9

establish liability.'" (citation omitted)), *report and recommendation adopted*, 2021 WL 4902528 (E.D.N.Y. Oct. 21, 2021).

### B. Removal of Copyright Management Information

Plaintiff also alleges that Lead Clearance violated Section 1202(b) of the DMCA by removing the "gutter credit" from the Photograph. (Compl. ¶¶ 20-21.) Section 1202(b) provides:

> No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b). Section 1203(a) provides a private right of action for violations of Section 1202. 17 U.S.C. § 1203(a).

Copyright management information ("CMI") "includes, *inter alia*, the title or identifying information of the work, author or copyright owner, the terms and conditions of use of the work, and identifying numbers or symbols referring to such information." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing 17 U.S.C. § 1202(c)(1)-(3), (6)-

(7)).   To recover under the DMCA, a plaintiff need only allege "(1) the existence of [CMI] on the work in question; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Dermansky v. Telegraph Media, LLC*, No. 19-cv-1149 (PKC) (PK), 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020) (quoting *Sheldon*, 2016 WL 5107072, at *13).

Here, Plaintiff has established the required elements for recovery under the DMCA through his well-pleaded Complaint. Plaintiff alleges that Lead Clearance copied the Photograph from an article in the *New York Daily News*, which included a "gutter credit" that identified Plaintiff as the author.  (Compl. ¶ 19.) Plaintiff alleges that without his knowledge or consent, Lead Clearance intentionally removed the gutter credit from the Photograph and placed the un-credited Photograph on its website. (*Id.* ¶¶ 19-22.)  These allegations are sufficient to establish liability under Section 1202(b) of the DMCA. *See, e.g.*, *Wexler v. Synergy Prep, Inc.*, No. 20-CV-2672 (CBA) (SMG), 2021 WL 260635, at *2 (E.D.N.Y. Jan. 3, 2021) (finding plaintiff's allegations that the defendant intentionally removed a gutter credit from plaintiff's photograph and published the photograph were sufficient to hold the defendant liable under the DMCA), *report and recommendation adopted*, 2021 WL 260101 (E.D.N.Y. Jan 26, 2021).

## II.  Damages

Although allegations pertaining to liability are deemed admitted in the context of a motion for default judgment, allegations pertaining to damages must still be proven by the movant. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). After liability is determined, the movant must establish damages "to a 'reasonable certainty.'" *Duro v. BZR Piping & Heating Inc.*, No. 10-CV-879 (ARR) (ALC), 2011 WL 710449, at *2 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *report and recommendation adopted*, 2011 WL 744156 (E.D.N.Y. Feb. 22, 2011). The court need not hold a hearing to determine damages "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Id.* (alterations in original; citation omitted).  When evaluating damages, the court "may rely on affidavits or documentary evidence." *Id.* (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d. Cir. 1993); *Chun Jie Yin v. Kim*, No. 07-CV-1236 (DLI) (JO), 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008)).

12

## A. Actual Damages Pursuant to the Copyright Act

In copyright infringement cases, a plaintiff has the option to pursue either actual or statutory damages. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). Here, Plaintiff seeks $1,025.00 in actual damages. (ECF No. 18 ¶ 3.) An award of actual damages "undertakes to compensate the [copyright] owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001); *see* 17 U.S.C. § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.") An award of actual damages "may not be based on undue speculation." *Pasatieri*, 2020 WL 207352, at *4 (citation omitted).

"Courts in this Circuit have relied on several forms of evidence to arrive at a non-speculative estimate of the fair market value of an infringed license, including consulting benchmark license fees estimated by the price calculator tool on Getty Images's website." *Vidyashev*, 2021 WL 4925733, at *4 (collecting cases). Here, Plaintiff submits a quote for a three-year license

13

of a photograph from Getty Images's website.  (ECF No. 19-5.)  The photograph on Getty Images's website is fairly similar to Plaintiff's photograph because both images depict lead paint.  *See e.g.*, *Cuffaro v. Fashionisto LLC*, No. 19-CV-7265 (GBD) (KHP), 2020 WL 5077449, at *4 (S.D.N.Y. July 9, 2020) (recommending award of actual damages where "[t]he photograph on Getty Images'[s] website is similar to Plaintiff's photograph in that both photographs are black and white shots of the same subject"), *report and recommendation adopted*, 2020 WL 5076826 (S.D.N.Y. July 9, 2020).

However, Plaintiff has not provided evidence or a legal basis demonstrating why the price of a three-year license should serve as the benchmark for actual damages here.  "Without explaining why a three-year license approximates plaintiff's actual damages, basing an actual damages award on that duration amounts to undue speculation because the court has no assurance that the figure is not unrealistically exaggerated."  *Bittichesu v. Lucia Lighting and Design, Inc.*, No. 20-CV-1612 (PKC) (RML), 2021 WL 3354298, at *4 (E.D.N.Y. June 28, 2021), *report and recommendation adopted*, Minute Order (E.D.N.Y. Aug. 10, 2021).

In cases addressing similar deficiencies, courts in this circuit have awarded actual damages based on "the approximate value of a one-year license [for] the Photograph based on the Getty Images quote."  *Id.*; *see also, e.g.*, *Bosen v. DiMoro Ents., LLC*, No. 20-CV-354 (FJS) (CFH), 2021 WL 4743306, at *4 (N.D.N.Y. Oct.

14

12, 2021); *Redinger v. Art of Edibles*, No. 20-CV-1685 (AMD) (RML), 2021 WL 3193313, at *4 (E.D.N.Y. June 28, 2021), *report and recommendation adopted*, 2021 WL 3188398 (E.D.N.Y. July 28, 2021). Accordingly, the court awards Plaintiff $341.00 in actual damages, which represents approximately one-third of the three-year licensing fee for the Getty Images photograph.

### B. Statutory Damages Pursuant to the DMCA

Next, Plaintiff requests $5,000.00 in statutory damages based on Defendant's removal of CMI. (ECF No. 18 ¶ 4.) Under the DMCA, courts may award between $2,500.00 and $25,000.00 in statutory damages for violations of Section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B). To determine the amount of statutory damages, "courts typically assess the 'circumstances of the violation' and willfulness of the violation." *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019) (citation omitted).

After considering the circumstances of this case, the Court finds that $5,000.00 in statutory damages is appropriate. Defendant's default establishes the willfulness of the violation. *See, e.g.*, *Farrington v. Jewish Voice Inc.*, No. 21-CV-1575 (NGG) (AYS), 2022 WL 543029, at *5 (E.D.N.Y. Feb. 7, 2022), *report and recommendation adopted*, 2022 WL 541645 (E.D.N.Y. Feb. 23, 2022). However, the complaint alleges only one act of CMI removal and Plaintiff did not send a cease-and-desist letter or apply for injunctive relief prior to filing this action. In substantially

similar circumstances, courts in this circuit have consistently awarded $5,000 in statutory damages. *See, e.g.*, *Dermansky*, 2020 WL 1233943, at *6 (awarding $5,000.00 in statutory damages when there was only one act of infringement, no evidence of harm, and plaintiff took no action to cure the violation); *see also, e.g.*, *Hirsch v. F. Daily Inc.*, No. 18-CV-6531 (LDH) (SJB), 2021 WL 1158562, at *8 (E.D.N.Y. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 1163153 (E.D.N.Y. Mar. 26, 2021); *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018); *Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *5 (S.D.N.Y. May 28, 2020).

### C. Costs

Finally, Plaintiff requests that the court award $440.00 in costs, which includes the court filing fee and the fee for service of process.  (ECF No. 20 ("Freeman Decl.") ¶ 12.)

"[F]iling fees are recoverable without supporting documentation if verified by the docket." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D v. Coastal Env't Grp. Inc.*, No. 18-CV-5791 (LDH) (SJB), 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019).  Accordingly, the court takes judicial notice of the $400 filing fee in this district and awards Plaintiff that amount in costs.  *See, e.g.*, *Vidyashev*, 2021 WL 4925733, at *5; *Farrington*, 2022 WL 543029, at *7.  However, courts decline to

16

award other costs "[i]n the absence of invoices, receipts[,] or other documentary proof of the costs sought." *Vidyashev*, 2021 WL 4925733, at *5.   Because Plaintiff has failed to provide documentary proof of the $40.00 process server fee, the court declines to award those costs.   *See, e.g.*, *Farrington*, 2022 WL 543029, at *7.

### D. Post-Judgment Interest

Pursuant to 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citation omitted).   As such, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.   28 U.S.C. § 1961.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part.   The court awards Plaintiff a default judgment of $5,741.00 as follows: $341.00 in actual damages under the Copyright Act, $5,000.00 in statutory damages under the DMCA, and $400.00 in costs. Additionally, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.   The court respectfully directs the Clerk of the Court to enter judgment and close this case.   Plaintiff is ordered

to serve a copy of this Memorandum and Order and the judgment on

Defendant and note service on the docket.

**SO ORDERED.**

Dated:     March 1, 2022
            Brooklyn, New York

                            /s/ Kiyo A. Matsumoto
                            KIYO A. MATSUMOTO
                            United States District Judge
                            Eastern District of New York